UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 5:17-cv-00326-BJD-PRL

JOSHUA ELSER
individually and on behalf of all
others similarly situated,

       Plaintiff,

v.

JOHN C. HEATH, ATTORNEY AT LAW, PLLC
d/b/a LEXINGTON LAW FIRM,
a Utah professional limited liability company,

       Defendant.
_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## PLAINTIFF'S MOTION TO ENFORCE CLASS ACTION SETTLEMENT AGREEMENT AND FOR ORDER TO SHOW CAUSE AGAINST DEFENDANT

Plaintiff Joshua Elser, by and through undersigned counsel, moves to enforce the class action settlement agreement reached by the parties after attending two days of mediation, and for an order to show cause against Defendant John C. Heath, Attorney at Law, PLLC d/b/a Lexington Law Firm for its meritless opposition to the instant motion, and in support states:

**I.    INTRODUCTION**

The parties attended two full days of mediation and reached an agreement on all essential terms of a class-wide settlement. There is no question that a full and final settlement agreement was reached. Indeed, the Mediator's verified Mediation Report states: "**The case has been completely settled**." [ECF No. 19] (emphasis original). Now, apparently stricken with buyer's remorse, Defendant refuses to comply with the terms of the settlement, including the execution of a written settlement agreement memorializing the parties' agreed upon terms and the tender of settlement funds in the amount of up to

1

$8,935,950.00 for payment of Class Members' claims, and $1,450,000.00 for payment of Class Counsel's attorneys' fees and costs, upon approval by this Court.

Plaintiff respectfully requests an order enforcing the parties' settlement, and requiring Defendant to (1) execute a written settlement agreement consistent with the agreed upon essential terms outlined below; (2) deposit into an escrow account funds in the amount of up to $8,935,950.00 for payment of Class Members' claims, and $1,450,000.00 for payment of Class Counsel's attorneys' fees and costs, upon approval by this Court; and (3) pay all costs associated with the notice to Class Members and claims administration.

Further, pursuant to Federal Rule of Civil Procedure 11(c)(3), Plaintiff requests for this Court to issue an order to show cause why Defendant should not be sanctioned for opposing the instant motion and refusing to comply with the terms of the parties' agreement. Defendant has no valid basis to oppose the relief requested herein and should be sanctioned for its bad faith conduct.

## II. BACKGROUND

This putative class action under the Telephone Consumer Protection Act was filed on July 12, 2017. [ECF No. 1]. On September 11, 2017, Defendant filed its Answer and Affirmative Defenses. [ECF No. 8]. On August 11, 2017, the Court entered a Scheduling Order, requiring that the parties attend mediation by October 15, 2018. [ECF No. 7]. On October 26, 2017, Plaintiff notified the Court that the parties would be attending mediation on November 13, 2017 in Atlanta, Georgia with mediator Hunter R. Hughes, Esq., of HunterADR. [ECF No. 15]. On November 13, 2017, the parties attended a full day mediation in Atlanta, Georgia. Present at the mediation were the undersigned counsel for Plaintiff, as well as counsel (either in person or via telephone) representing the plaintiffs in the following pending matters: (1) *Eisenband v. John C. Heath, Attorney At Law, PLLC*, Case No. 3:17-cv-03404-FLW-DEA (D.N.J. 2017); (2) *James Lebowitz v. John C. Heath, Attorney at Law PLLC d/b/a Lexington*

*Law Firm*, Case No. 1:17-cv-10973 (.D. Ma. 2017); (3) *Cunningham v. Lexington Law Firm*, Case No. 1:17-cv-00087 (D. Ut. 2017); and (4) *Rosales v. Lexington Law Firm*, Case No. 8:17-cv-00087 (D. Neb. 2017) (the "TCPA Class Actions"). During the November 13th mediation, Defendant disclosed that the putative class consisted of approximately 1,453,000 individuals to whom Defendant had made one or more telephone calls to a cellular telephone through the use of an automatic telephone dialing system or a prerecorded or artificial voice. *See* Declarations of Ross H. Schmierer, Esq., Abbas Kazerounian, Esq., Joshua Swigart, Esq., and Ryan McBride, Esq., at ¶ 3, attached as **Composite Exhibit A**. Due to time constraints and the pace at which mediation unfolded, the mediation was adjourned to permit a second day of mediation.

On November 27, 2017, Plaintiff notified the Court that the continuation of the parties' mediation would occur on December 1, 2017. [ECF No. 18]. A second day of mediation took place on December 1, 2017, which was attended by counsel from the TCPA Class Actions who traveled from various parts of the country to attend. At the conclusion of the second day of mediation, the parties reached an agreement on following essential terms of a class-wide settlement: (1) Defendant will make available up to $6.15 to each Class Member who submits a timely, valid claim; and (2) subject to Court approval, Plaintiffs and Class Members will provide a release of all claims and dismiss the TCPA Class Actions. *See* **Composite Exhibit A** at ¶¶ 4 and 6. The parties also reached an agreement on the following non-essential terms, further establishing that a settlement was reached:

- Defendant will pay $1,450,000 in attorneys' fees and costs to Class Counsel;

- Defendant will pay any service awards approved by the Court to each plaintiff in the various consolidated matters;

- Defendant will pay all costs of providing notice to Class Members, and administering settlement payments;

3

- Defendant will pay any other fees and costs incurred by the claims administrator;

- Subject to Court approval, Plaintiffs and Class Members would provide a release of all claims and dismiss the TCPA Cass Actions;

- Settlement distribution process would be administered by a KCC Claims Administration; and

- The TCPA Class Actions would be consolidated into a single venue for the purpose of seeking preliminary and final approval of the settlement.

*See id.* at ¶¶ 5 and 7-8.

Consistent with the parties' full and final resolution of the pending claims, on December 17, 2017, the Mediator filed his Mediation Report advising the Court that the case had been completely settled. [ECF No. 19]. Notably, Defendant did not file any opposition to the Mediation Report. On December 20, 2017, the Court entered an order closing the case, and requiring the parties to file a joint final order or judgment, or move to reopen the case, by February 20, 2018. [ECF No. 20].

After reaching an agreement at mediation, however, Defendant advised that it would not agree to execute a written settlement agreement until the beginning of the second quarter of 2018. As such, Plaintiff was forced to file an unopposed Motion to Reopen Case, noting Defendant's refusal to abide by the terms of the parties' previously agreed upon settlement. [ECF No. 21]. The Motion to Reopen was granted by the Court on February 22, 2018. [ECF No. 22].

Since the reopening of the case, Defendant has continued to refuse to execute a written settlement agreement or comply with the terms of the settlement. Defendant's refusal to abide by the terms of the parties' class-wide settlement has resulted in the need to file the instant Motion to Enforce. As established, however, the parties reached an agreement on all essential terms of a class-wide

4

resolution of the TCPA Class Actions. Therefore, this Court should enter an order enforcing the agreement, and requiring Defendant to show cause why it should not be sanctioned.

### III. LEGAL STANDARD

"In both the federal and state courts, settlements are highly favored and will be enforced whenever possible." *Malvaes v. Constellation Brands, Inc.*, No. 14-21303-CIV-COOKE/TORRES, 2016 WL 4007332, at *2 (S.D. Fla. June 23, 2016) (citing *Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994)). To achieve this goal, "[a] district court has jurisdiction to enforce settlement agreements when one party refuses to abide by the agreement . . . ." *Le Bon Pain, Inc. v. Guyon and Co., Inc.*, 720 F. Supp. 983, 984-85 (S.D. Fla. 1989) (citing *Kent v. Baker*, 815 F.2d 1365, 1398 (11th Cir. 1987)); accord *Ford v. Citizens & S. Nat'l Bank*, 928 F.2d 1118, 1121 (11th Cir. 1991) (discussing a district court's inherent power to enforce settlement agreements); *Reed v. United States*, 717 F. Supp. 1511, 1514 (S.D. Fla. 1988) (stating that a district court retains inherent authority to "summarily enforce a settlement agreement entered into by litigants while litigation is pending before it").

"The motion to enforce the settlement agreement essentially is an action to specifically enforce a contract." *Ford v. Citizens and Southern National Bank*, 928 F.2d 1118, 1122 (11th Cir. 1991). "The party seeking to establish assent by the opposing party to the settlement has the burden of proving such assent. Though every detail need not be solidified in order to be enforceable, the parties 'must reach mutual agreement on every essential element of the proposed settlement.'" *Rhein Med. v. Koehler*, 889 F. Supp. 1511, 1516 (M.D. Fla. 1995) (quoting *Rondolino v. Northwestern Mut. Life Ins. Co.,* 827 F. Supp. 729, 730 (M.D. Fla. 1993) (citations omitted)).

"[T]he determination as to whether a binding settlement agreement was reached by the parties is governed by Florida contract principles using a preponderance of the evidence standard."

5

*Swisher Int'l, Inc. v. Encore Vapor, Inc.*, No. 3:16-cv-437-J-32PDB, 2018 U.S. Dist. LEXIS 18358, at *4 (M.D. Fla. Feb. 5, 2018) (citing *Welch v. N. Am. Tank Line, Inc.*, No. 8:06CIV2340-T-17MAP, 2008 U.S. Dist. LEXIS 124775, 2008 WL 3982394, at *2 (M.D. Fla. Aug. 25, 2008); *U.S. Fire Ins. v. Caulkins Indiantown Citrus Corp.,* 931 F.2d 744, 749 (11th Cir. 1991)). "[P]arties have broad discretion in fashioning the terms of a settlement agreement, and courts must enforce a settlement agreement so long as the parties agree on the essential terms and seriously understand and intend to be bound by the terms." *Swisher Int'l, Inc.*, 2018 U.S. Dist. LEXIS at *4 (citing *U.S. Bank Nat'l Ass'n v. Benoit*, 190 So. 3d 235, 237 (Fla. 4th DCA 2016))

Where a defendant improperly opposes a motion to enforce a settlement agreement, Federal Rule of Civil Procedure 11 permits a court to initiate a show cause hearing to determine whether the defendant's conduct violates Rule 11. *See Rhein Med.*, 889 F. Supp. at 1517 ("The 'safe harbor' provisions of Rule 11…do not apply to show cause hearings initiated by the court which describe the specific conduct that appears to violate the rule.") (citing Rule 11(c)(1)(B), Fed. R. Civ. P.).

## IV. MEMORANDUM OF LAW

"To compel enforcement of a settlement agreement, its terms must be sufficiently specific and mutually agreed upon as to every essential element." *Swisher Int'l, Inc.*, 2018 U.S. Dist. LEXIS at *5 (quoting *BP Prods. N. Am. v. Oakridge at Winegard, Inc.*, 469 F. Supp. 2d 1128, 1133 (M.D. Fla. 2007)). "The definition of 'essential term' varies widely according to the nature and complexity of each transaction and is evaluated on a case-by-case basis." *Swisher Int'l, Inc.*, 2018 U.S. Dist. LEXIS at *5 (quoting *Lanza v. Damian Carpentry*, 6 So. 3d 674, 676 (Fla. 1st DCA 2009). "Uncertainty as to non-essential elements or that the parties agree that they will enter into a more specific agreement later does not preclude finding that the parties reached a settlement." *Swisher Int'l, Inc.*, 2018 U.S. Dist. LEXIS at *5 (citing *Specialty Disease Mgmt. Servs., Inc. v. AIDS Healthcare Found.*, No. 3:01-cv-

1353-J-32TEM, 2003 U.S. Dist. LEXIS 27520, 2003 WL 25608009, at *3, *4 (M.D. Fla. Oct. 21, 2003)).

To determine whether an enforceable agreement exists, a court must ultimately apply traditional notions of offer and acceptance, and whether there was a meeting of the minds. *Swisher Int'l, Inc.*, 2018 U.S. Dist. LEXIS at *5 (quoting *Beharrie-Lue v. Felt Home Care, Inc.*, No. 09-61246-CV, 2010 U.S. Dist. LEXIS 90189, 2010 WL 2985650, at *1 (S.D. Fla. July 28, 2010)) (citing *Specialty Disease*, 2003 U.S. Dist. LEXIS 27520, 2003 WL 25608009, at *4). Further, a settlement agreement need not be in writing to be enforced, oral agreements are equally enforceable. *See Welch v. N. Am. Tank Line, Inc.*, No. 8:06—CIV-23450—T-17—MAP, 2008 U.S. Dist. LEXIS 124775, 2008 WL 3982394, at *2 (M.D. Fla. Aug. 25,2008) ("A court is empowered to enforce oral settlement agreements."); *Am. Appraisal Assoc., Inc. v. Am. Appraisals, Inc.*, 531 F. Supp. 2d. 1353, 1358 (S.D. Fla. 2008).

For example, in *Specialty Disease*, the parties reached an oral settlement agreement. 2003 U.S. Dist. LEXIS 27520, 2003 WL 25608009, at *3. Subsequently, several written drafts of the agreement were exchanged by the parties, but the parties were unable to agree on additional terms that were not part of the oral agreement. *Id.* Consequently, the plaintiff filed a motion to enforce the oral settlement agreement. *Id.* At an evidentiary hearing, the plaintiff called defendant's former counsel, who testified that following a telephone call between the parties, "he and counsel for plaintiff confirmed that the parties had reached a settlement agreement. The terms of that agreement were that defendant would pay plaintiff $180,000; all claims within the litigation were to be disposed of as a result; the trial was to be cancelled; and each party would bear its own fees and costs." *Id.* at *5. Ultimately, Judge Timothy J. Corrigan held that "[w]hile it certainly was permissible (and perhaps even beneficial) for the parties to try to agree on a more detailed formal written agreement, having failed to do so, the oral settlement agreement is due to be enforced." *Id.* at *15.

Here, like in *Specialty Disease*, the parties reached an oral agreement on the following essential terms: (1) Defendant will make available up to $6.15 to each Class Member who submits a timely, valid claim; and (2) subject to Court approval, Plaintiffs and Class Members will provide a release of all claims and dismiss the TCPA Class Actions. *See* **Composite Exhibit A** at ¶¶ 4 and 6. As further evidence that a settlement was reached, the parties also reached an agreement with respect to the following terms:

- Defendant will pay $1,450,000 in attorney's fees and costs to Class Counsel;

- Defendant will pay any service awards approved by the Court to each plaintiff in the various consolidated matters;

- Defendant will pay all costs of providing notice to Class Members, and administering settlement payments;

- Defendant will pay any other fees and costs incurred by the claims administrator;

- Settlement distribution process would be administered by a KCC Claims Administration; and

- The TCPA Class Actions would be consolidated into a single venue for the purpose of seeking preliminary and final approval of the settlement.

*See id*. at ¶¶ 5 and 7-8.

The fact that this is a putative class action does not change the analysis. Plaintiffs, on behalf of themselves and all others similarly situated, claimed entitlement to statutory damages for each call received under the TCPA. Defendant agreed to pay Plaintiffs and each Class Member who makes a claim $6.15 as satisfaction for their damages under the TCPA, and Plaintiffs, on behalf of themselves and Class Members, agreed to release Defendant and dismiss their lawsuits. There was a meeting of the minds on all essential terms and nothing more was needed to create an enforceable contract.

8

Nevertheless, the parties went beyond and agreed on other terms, including Class Counsel's fee, and the payment of service awards and notice/administration costs.

After the parties reached an oral agreement at mediation, Defendant acted consistent with an agreement having been reached. Indeed, Defendant represented that it would execute a written settlement agreement. *See* **Composite Exhibit A** at ¶ 9. Further, Defendant did not object to a report from the mediator that unequivocally stated that the parties had "**completely settled**" the case. [ECF No. 19] (emphasis original). Now, for reasons that remain a mystery, Defendant has taken the unsupportable position that no agreement was reached at mediation. This is further evidenced by the fact that only last week, on April 9, 2018, in a companion case (*Craig Cunningham v. Lexington Law Firm* – Case #: 1:17-cv-00087-EJF )[1], in a joint status report, Lexington, along with the plaintiff informed their court of the following:

> The parties attended two full days of mediation (November 27, 2017, and December 1, 2017) **and reached an agreement on all essential terms of a class-wide settlement, which would resolve this matter, as well as several other pending class action matters against Defendant. However, since that time, Defendant has failed to sign a settlement agreement.**

*See* **Exhibit B**; (emphasis added).

Defendant's conduct cannot be tolerated and the parties' agreement should be enforced. Defendant's refusal to comply with the terms of the agreement has caused prejudice of Plaintiffs and Class Members, including being deprived of their agree upon damages settlement, as well as increased attorneys' fees and costs.

---

[1] A case which was also meant to be encapsulated by the Class Settlement.

9

## V.   CONCLUSION

After two days of mediation, there was clearly a meeting of the minds on all essential terms and, thus, an enforceable agreement. Defendant's refusal to abide by the terms of the parties' agreement cannot be countenanced, and this Court should enter an ordering granting the instant motion. Further, this Court should order Defendant to show cause why sanctions should not be imposed under Rule 11.

**WHEREFORE**, Plaintiff Joshua Elser respectfully requests the entry of an order enforcing the parties' settlement, and requiring Defendant to (1) execute a written settlement agreement consistent with the agreed upon essential terms outlined herein; (2) deposit into an escrow account the total amount of up to $8,935,950.00 for payment of Class Members' claims, and $1,450,000.00 for payment of Class Counsel's attorneys' fees and costs, upon approval by this Court; and (3) pay all costs associated with the notice to Class Members and claims administration. Additionally, Plaintiff requests an order establishing a deadline for Plaintiff to seek preliminary approval of the parties' settlement.

### REQUEST FOR EVIDENTIARY HEARING

Pursuant to Local Rule 3.01(j), Plaintiff hereby requests an evidentiary hearing, and estimates that the total time necessary for the hearing is two (2) hours.

### COMPLIANCE WITH LOCAL RULE 3.01

The undersigned hereby certifies that Plaintiff, through counsel, conferred with Defendant's counsel regarding the relief requested herein, and that Defendant opposes the requested relief. Specifically, on March 20, 2018, Defendant's counsel stated as follows: "We disagree that the parties reached an agreement as to all of the essential elements of a class-wide settlement. Lexington therefore intends to oppose any motion to enforce the settlement agreement."

Date: April 13, 2018

Respectfully submitted,

| **HIRALDO P.A.**<br><br>*/s/ Manuel S. Hiraldo*<br>Manuel S. Hiraldo<br>Florida Bar No. 030380<br>401 E. Las Olas Boulevard<br>Suite 1400<br>Ft. Lauderdale, Florida 33301<br>Email: mhiraldo@hiraldolaw.com<br>Telephone: 954.400.4713<br><br>*Counsel for Plaintiff* | **DeNITTIS OSEFCHEN PRINCE P.C.**<br>Stephen P. DeNittis,<br>*Pro Hac Vice*<br>525 Route 73 North, Suite 410<br>Marlton, NJ 08083<br>(856) 797-9951<br>sdenittis@denittislaw.com<br><br>*Counsel for Plaintiff* |
|---|---|
| **SHAMIS & GENTILE, P.A.**<br>Andrew J. Shamis<br>Florida Bar No. 101754<br>*efilings@sflinjuryattorneys.com*<br>14 NE 1st Avenue, Suite 400<br>Miami, Florida  33132<br>(t) (305) 479-2299<br>(f) (786) 623-0915<br><br>*Counsel for Plaintiff* | |

## CERTIFICATE OF SERVICE

I HEREBY CETIFY that on April 13, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

*/s/ Manuel S. Hiraldo*
Florida Bar No. 030380
*Counsel for Plaintiff*
